# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD., ) ) ) | |
| Plaintiff, ) ) | 08-cv-4786 (WY) |
| v. ) ) | |
| ASTRAZENECA PHARMACEUTICALS LP, ) ASTRAZENECA PLC, ) ASTRAZENECA UK LIMITED and ) IPR PHARMACEUTICALS, INC., ) ) | |
| Defendants. ) ) ) | |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Teva Pharmaceutical

Industries Ltd. ("Teva") and Defendants AstraZeneca Pharmaceuticals LP ("AZPLP"),

AstraZeneca PLC ("AZ PLC"), AstraZeneca UK Limited ("AZ UK"), and IPR Pharmaceuticals,

Inc. ("IPR") (collectively, "AstraZeneca")[1], through their respective attorneys, hereby stipulate

and agree that discovery in the above-entitled action may involve the disclosure of certain

documents, things and information in the possession, custody or control of a party that constitute

or contain trade secrets or other confidential research, development or commercial information

within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ.

P."). Accordingly, good cause exists for the entry of this Stipulated Discovery Confidentiality

---

[1]     AZ PLC and AZ UK have filed motions to dismiss Teva's complaint against them for lack of personal jurisdiction. They do not currently plan to seek discovery in this action and have participated in the filing of this Stipulated Discovery Confidentiality Order only because they have not yet been dismissed from the action. Accordingly, such participation shall not be deemed a waiver of their jurisdictional objections.

Order pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 26.2 to protect against improper disclosure or use of confidential information produced or disclosed in this case.

Plaintiffs and Defendants therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Stipulated Discovery Confidentiality Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Civil Action ("Action"), or provided by or obtained from non-parties in this Action.

## SCOPE

1. This Stipulated Discovery Confidentiality Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown, or is exposed to Discovery Material.

## DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" in accordance with this Stipulated Discovery Confidentiality Order if such party in good faith believes that such Discovery material contains CONFIDENTIAL information as defined in Paragraph 4. Any party challenging the confidentiality of Discovery Material

designated as "CONFIDENTIAL" shall specifically state its basis for challenging such designation and specifically identify the challenged Discovery Material. If such a challenge is stated, the burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. As used herein, CONFIDENTIAL Discovery Material refers to information that a Producing Party claims to be proprietary business information or technical information relating to a trade secret or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G). Information to be treated under this Stipulated Discovery Confidentiality Order as CONFIDENTIAL shall include but not be limited to:

(a) Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33, or 36, or in documents produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with the following legends or their substantial equivalents: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO STIPULATED DISCOVERY CONFIDENTIALITY ORDER – Teva Pharm. Indus. Ltd. v. AstraZeneca Pharms. LP et al., C.A. No. 08-cv-4786 (WY)." Documents and/or information may be available for inspection without designation and designated subsequently at the time of production.

(b) Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, provided that, prior to or at any time up to thirty (30) calendar days after the inspection, the party permitting inspection specifically identifies in writing the CONFIDENTIAL

3

Discovery Material that will be or that was disclosed by the inspection. To ensure that the Producing Party has the full thirty (30) calendar days to make appropriate designations, all information gleaned from inspection of things and premises will be automatically treated as CONFIDENTIAL Discovery Material for thirty (30) calendar days after the day of inspection. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any party shall be conducted by persons eligible under Paragraph 11 below.

(c)     Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30, for thirty (30) calendar days following receipt of the final transcript by counsel for the Producing Party, but not thereafter unless, before the thirty (30) calendar day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing that the Discovery Material set forth in the transcript is CONFIDENTIAL Discovery Material and specifies in writing the portions of the transcript that disclose CONFIDENTIAL Discovery Material. Counsel for the Producing Party or any other party also may designate the transcript or portions thereof to be CONFIDENTIAL Discovery Material during the deposition. The appropriate legend described in subparagraph 4(a) shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL Discovery Material.

5.     Any pleading, brief, declaration, affidavit, or other filing that contains information marked "CONFIDENTIAL" shall be filed electronically under seal pursuant to the requirements of Local Civil Rule 5.1.5 and Eastern District of Pennsylvania CM/ECF procedures. The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL and filed in

accordance with this Paragraph. The sealed material shall not be opened or released from the custody of the Clerk of Court except by order of the Court.

## USE

6.  Discovery Material designated CONFIDENTIAL under this Stipulated Discovery Confidentiality Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, legal/other litigation, arbitration or claim, governmental purpose, or in connection with the preparation or prosecution of any patent application unless otherwise agreed to in writing by the Producing Party. Nothing in this Stipulated Discovery Confidentiality Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL information.

7.  During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Stipulated Discovery Confidentiality Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party if, and only if, the Discovery Material reveals on its face that the fact deponent or witness authored the Discovery Material or received the Discovery Material in the ordinary course of business and outside the context of this litigation or, alternatively, where other Discovery Material establishes that the fact deponent or witnesses is the author of such Discovery Material or received it in the ordinary course of business and outside the context of this litigation. Nothing in this paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own fact deponent or witness, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL and regardless of whether such fact deponent or witness is an author or recipient of the Discovery Material.

8.     At the deposition of any individual or corporate representative, such deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party if, and only if, the Discovery Material reveals on its face that an employee or agent of the corporation being deposed authored the Discovery Material or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or if foundation testimony or other Discovery Material establishes that an employee or agent of the corporation being deposed is the author of such Discovery Material or received it in the ordinary course of business.

9.     All Discovery Material designated CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

10.     Third parties may designate as CONFIDENTIAL deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action and any such Discovery Material shall be treated by the parties to this Action in the same manner as materials and information so designated by a party.  Third parties shall have the same rights and obligations under this Stipulated Discovery Confidentiality Order as parties and may move the Court to enforce the provisions of this Stipulated Discovery Confidentiality Order.

## DISCLOSURE

11.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

6

(a)     any "outside" attorney of record in this Action, provided such outside attorney has no current responsibilities relating to the prosecution of any patent application claiming priority based on the patent in suit or any other application relating to rosuvastatin or any other statins.  Outside attorneys are those attorneys employed by the firms of record, including any contract attorneys, even if such attorneys are not otherwise identified specifically on pleadings.  Outside attorneys do not include attorneys employed by a party or related entity.

(b)     up to four designated in-house attorneys who, because of their duties and responsibilities, require access to Discovery Material designated as CONFIDENTIAL, provided any such in-house attorney has no current responsibilities relating to any research or development relating to rosuvastatin or any other statins, or the prosecution of any patent application claiming priority based on the patent in suit or any other application relating to rosuvastatin or any other statins; those designated attorneys are identified as follows:

*For Teva:*

David M. Stark, Vice President and General Counsel

Staci L. Julie, Associate General Counsel

Oded Yaari, Director, Legal Affairs

Lauren T. Rabinovic, Associate Director, Legal Affairs

*For AstraZeneca:*

Göran Lerenius, Deputy General Counsel – IP Litigation

Thomas Stevens, Senior Litigation Counsel

Judy Yun, Senior Counsel

(c)     support personnel for attorneys listed in subparagraphs 11(a) and (b), such as law clerks, analysts, paralegals, secretaries, interpreters, translators, clerical staff, and employees of document management companies assisting in connection with this Action;

(d)     any outside expert or consultant who is expressly retained or sought to be retained by any attorney or individual described in subparagraph 11(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(e)     any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f)     trial consultants and graphic artists;

(g)     personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)     any other person agreed to by the Producing Party in writing.

CONFIDENTIAL Discovery Material shall not be disclosed to persons described in Paragraphs 11(b), (d), (e), (f) or (h) unless and until such person has executed the Declaration To Be Bound By Stipulated Discovery Confidentiality Order in the form attached as Exhibit A. CONFIDENTIAL Discovery Material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL Discovery Material pursuant to Paragraph 11 of this Stipulated Discovery Confidentiality Order.

12.    As a condition precedent to disclosure of any CONFIDENTIAL Discovery Materials to an individual described above in subparagraphs 11(d) or (h), at least seven (7) calendar days before the disclosure of the CONFIDENTIAL Discovery Material is made, an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying

said individual by name and including a curriculum vitae or equivalent resume disclosing the individual's employment history, past or present relationship with any of the parties, all cases in which the individual has testified in a deposition or a trial, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. Prior to disclosure of any CONFIDENTIAL Discovery Materials to such individuals, the Producing Party or Parties shall then have seven (7) calendar days from receipt of the executed Exhibit A and CV or resume to object to such disclosure. In the event of an objection to the proposed disclosure to an independent expert, the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party must apply to the Court no later than fifteen (15) calendar days after receipt of the Exhibit A and CV or resume. The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made. CONFIDENTIAL Discovery Material shall not be disclosed to such an individual pending the Court's resolution of the dispute. The foregoing seven (7) and fifteen (15) calendar day periods may be extended or shortened by agreement of the parties or by Order of the Court.

13.    The recipient of any CONFIDENTIAL Discovery Material that is provided under this Stipulated Discovery Confidentiality Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and /or dissemination of such information.

### EXEMPTED MATERIALS

14. The Receiving Party may seek to remove the confidentiality restrictions set forth herein on the ground that information designated CONFIDENTIAL does not fall within the definitions of CONFIDENTIAL set forth in Paragraphs 3 and 4 above. In such event, the Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this paragraph constitutes CONFIDENTIAL Discovery Material defined in paragraphs 3 and 4.

15. None of the provisions of this Stipulated Discovery Confidentiality Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that Discovery Material designated as CONFIDENTIAL has/had been:

    (a)    available to the public at the time of its production hereunder;

    (b)    available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

    (c)    known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

    (d)    obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate a Stipulated Discovery Confidentiality Order in another action or any other pre-existing obligation of confidentiality; or

    (e)    previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

While the Producing Party has the burden of proof of establishing that Discovery Material is CONFIDENTIAL as set forth in Paragraph 14, the Receiving Party shall have the burden of proof to establish that any otherwise valid claims of confidentiality have been vitiated based on grounds (a) through (e) of this paragraph.

## INADVERTENT PRODUCTION/DESIGNATION

16. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. If a party has inadvertently produced information subject to a claim of privilege or immunity, upon request, the document and all copies thereof shall be returned promptly, or a representation shall be provided that all copies have been destroyed, and in no event later than five (5) business days, after a request is made by the Producing Party, as required by Rule 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced information subject to a claim of privilege or immunity shall be destroyed. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the document and generally describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return or destruction of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege, work product or immunity by making an application to the Court.

17. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL promptly but not more than five (5) business days from when the failure to designate first became known to the Producing Party. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this paragraph, the Receiving Party shall take reasonable steps to ensure that all copies of any such Discovery Materials are destroyed or returned promptly to the Producing Party or that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Stipulated Discovery Confidentiality Order.

18. In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Stipulated Discovery Confidentiality Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed

Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## OBJECTION TO DESIGNATIONS

19.     Any party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL.  The process for making such an objection and for resolving the dispute shall be as follows:

(a)     the objecting party shall notify the Producing Party in writing as to its objection(s) to the designations.  This notice shall include, at a minimum, a specific identification of the designated Discovery Material as well as the reasons for the objection.

(b)     The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c)     Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation.  The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL as defined in Paragraphs 3 and 4, and entitled to such protection under this Stipulated Discovery Confidentiality Order.

Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Stipulated Discovery Confidentiality Order until one of the following occurs:   (a) The party who designated the material as CONFIDENTIAL withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

20.     Not later than sixty (60) days after the termination of this Action, all
CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the
Producing Party or destroyed, such election to be made by the Receiving Party, except that each
parties' outside counsel may retain for archival purposes all papers filed with the Court,
transcripts of testimony and exhibits, correspondence and their own work product containing
such Discovery Material, and provided that such counsel and their employees shall not disclose
any party's CONFIDENTIAL Discovery Material contained therein to any person or entity
except pursuant to a written agreement with the Producing Party or as otherwise provided in this
Stipulated Discovery Confidentiality Order.  Not later than seventy-five (75) days after the
termination of this Action, the party receiving any CONFIDENTIAL Discovery Material shall
certify in writing that all such material has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

21.     The following provisions shall apply to expert discovery in this case:

(a)     Document discovery of experts shall be limited to the production
of each testifying expert's final report(s), curricula vitae, engagement agreement(s), and
invoice(s), as well as those documents and things which any testifying expert considers in the
course of preparing and rendering his or her opinion(s).  The parties expressly agree, however,
that notwithstanding the provisions of this paragraph, they are not required to produce, nor will
any party seek to discover, drafts of expert reports or any expert's notes.

(b)     If any document considered by a testifying expert is not already in
the possession of the opposing party, the party tendering the expert report shall produce a clean
copy of that document to the opposing party.  Any tangible item considered by a testifying expert

shall be made available for inspection to the opposing party at a mutually agreeable time and place.

(c)     At the testifying expert's deposition, the parties shall be entitled to raise all issues addressed by any testifying expert's report(s), as well as the process undertaken by a testifying expert in preparing his or her report(s), the identity of the individual(s) who prepared each section of a testifying expert's report(s), how much time was spent drafting a testifying expert's report(s), whom a testifying expert spoke with during the preparation of the report(s), and the content of any communication between a testifying expert and any witness as part of the preparation of the report(s).    The parties expressly agree, notwithstanding the provisions of this paragraph, they will not seek discovery of the content of any communications between a testifying expert and counsel concerning the opinions formed by the expert or the preparation of the expert's report(s).

(d)     The parties expressly agree that each party will bear the costs of making its testifying expert(s) available for deposition by the opposing party.

(e)     Nothing in this agreement is intended to bar discovery of documents that are otherwise discoverable from a party or third party outside the context of expert discovery, or intended to alter the otherwise applicable rules regarding a party's ability or inability to obtain prior testimony or statements by a testifying expert witness.

22.    This Stipulated Discovery Confidentiality Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by any party to be adequate.  Nothing in this Stipulated Discovery Confidentiality Order shall be deemed to bar or preclude any Producing Party from

seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

23. The entry of this Stipulated Discovery Confidentiality Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

24. If at any time CONFIDENTIAL Discovery Material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party, and shall provide each such party with an opportunity to object to the production of such materials. If the a party does not move for a protective order within fifteen (15) calendar days of the date written notice is given, the party to whom the reference subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the fifteen (15) calendar day notice period, such material in response thereto.

25. Counsel for any party to this Stipulated Discovery Confidentiality Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under Stipulated Discovery Confidentiality Order to receive Discovery Materials or information designated as CONFIDENTIAL. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL Discovery Material or information. The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition which inquires into matters deemed CONFIDENTIAL by the designating party shall

constitute justification for counsel to instruct the witness that he or she should not answer the question.

26.     The parties agree to serve papers on each other by emailing an electronic version to all Counsel of Record, excluding large appendices, and by depositing all documents with an overnight courier on or before the date when such papers are due or are filed with the Court.  Services by overnight courier to Plaintiffs shall be made on Jeffrey J. Toney at Sutherland Asbill & Brennan LLP and service by overnight courier to Defendants shall be made on Eric J. Fues at Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.  All documents shall be concurrently served on each party's local counsel by the same means.  Document filed through the CM/ECF System and sent electronically to all Counsel of Record will satisfy the provisions of this paragraph if the electronic document contains the complete document, including appendices or other attachments.  The parties also agree that documents and things produced pursuant to Fed. R. Civ. P. 26 & 34 need not be served in accordance with the earlier provisions of this paragraph and may be provided to the receiving party in accordance with the terms of those Rules or by any other means mutually agreed upon by the parties hereto.

27.     Nothing in this Stipulated Discovery Confidentiality Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other party or non-party.

28.     The parties agree that attorney-work product and attorney-client privileged materials created or communicated by counsel after the October 6, 2008 date of filing of the Complaint for Patent Infringement by Plaintiff are to be excluded from discovery and need not be placed on any privilege logs produced in response to any discovery requests.

29.     Execution of this Stipulated Discovery Confidentiality Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any document, communication, or any portion thereof, is not admissible in evidence in this Action or any other proceeding.

30.     Participation in this Protective Order may not be used to seek to disqualify any Party's counsel from their representation of any client. Each Party waives any claim it might have in this matter or any other civil, criminal or administrative proceedings for disqualification of counsel for any other Party that might be based upon participation in this Protective Order.

36.     Each person or entity who receives CONFIDENTIAL Discovery Material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulated Discovery Confidentiality Order.

31.     For purposes of this Stipulated Discovery Confidentiality Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action, or the settlement of this Action.

Dated: February 19, 2009

/s/ Neil Schur
Neil C. Schur
Stevens & Lee, P.C.
1818 Market Street
29th Floor
Philadelphia, PA  19103
Telephone: (215) 751-1944
Facsimile: (610) 371-7956
ncsc@stevenslee.com

*Of Counsel:*

John L. North
Jeffrey J. Toney
Leslie K. Slavich
Darcy L. Jones
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
john.north@sutherland.com
jeffrey.toney@sutherland.com
leslie.slavich@sutherland.com
darcy.jones@sutherland.com

*Attorneys for Plaintiff*

/s/ Charles Rombeau (NCS by permission)
Jamie B. Bischoff
Charles L. Rombeau
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103-7599
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999
Bischoff@ballardspahr.com
RombeauC@ballardspahr.com

*Of Counsel:*

Ford F. Farabow, Jr.
Charles E. Lipsey
Eric J. Fues
Rama G. Elluru
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
Ford.Farabow@finnegan.com
Charles.Lipsey@finnegan.com
Eric.Fues@finnegan.com
Rama.Elluru@finnegan.com

*Attorneys for Defendants*

SO ORDERED.

Yohn, J.   5/4/07

Dated:  February ___, 2009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TEVA PHARMACEUTICAL INDUSTRIES  )
LTD.,                            )
                                 )
    Plaintiffs             )
                                 )      08-cv-4786 (WY)
        v.                    )
                                 )
ASTRAZENECA PHARMACEUTICALS LP, )
ASTRAZENECA PLC,                 )
ASTRAZENECA UK LIMITED and       )
IPR PHARMACEUTICALS, INC.        )
                                 )
    Defendants.            )
                                 )
_____  )

## DECLARATION

    I _____, declare under penalty of

perjury that:

    (a)    My present residential address is _____.

    (b)    My present employer is _____ and the

address of my present employer is _____.

    (c)    My present occupation or job description is _____.

    (d)    I have received and carefully read the Stipulated Discovery

Confidentiality Order in this Action dated _____, and understand its

provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in

confidence and not to disclose the contents of anything marked "CONFIDENTIAL" except as

permitted by paragraph 11 of the Stipulated Discovery Confidentiality Order. I further

understand that I am not to disclose to anyone other than those persons identified in paragraph 11

of the Stipulated Discovery Confidentiality Order any words, substances, summaries, abstracts, or indices of any CONFIDENTIAL Discovery Material disclosed to me. I will use such Discovery Material, or information derived therefrom, solely for purposes relating to the above-captioned litigation. I will never use such Discovery Material, or information derived therefrom, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Discovery Confidentiality Order.

(e)     At the termination of this action or any time requested by counsel, I will destroy or return to counsel for the party by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL information which have come into my possession, and will destroy or return all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that if I violate the provisions of the Stipulated Discovery Confidentiality Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Discovery Confidentiality Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Date

_____
Signature

21