# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD., : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> ASTRAZENECA PHARMACEUTICALS LP and IPR : <br> PHARMACEUTICALS, INC., : <br>     Defendants. : <br> : | CIVIL ACTION <br><br> NO. 08-4786 |

## Memorandum

YOHN, J.                                                                                                      August 27, 2009

Plaintiff Teva Pharmaceutical Industries Ltd. ("Teva") brings this patent infringement action against defendants AstraZeneca Pharmaceuticals, LP ("AZLP") and IPR Pharmaceuticals, Inc. ("IPR").[1]  Presently before the court is defendants' motion to strike plaintiff's jury demand. For the reasons discussed below, the court will deny the motion.

**I.    Facts and Procedural History**

The court discussed the factual background of this case in the memorandum, dated August 24, 2009, accompanying the denial of defendants' motion to transfer venue to the District of Delaware. Accordingly, the court need only recite the facts and procedural history relevant to the instant motion. Teva filed its complaint initiating this action on October 6, 2008. The complaint featured a singe count: infringement of United States Patent No. RE 39,502 (the "'502

---

[1] Originally, plaintiff brought this action against two additional defendants: AstraZeneca PLC and AstraZeneca UK Limited. Pursuant to a June 4, 2009 Joint Stipulation of Dismissal, however, those entities are no longer defendants in this case.

Patent"). The complaint did not demand a jury trial. On the civil cover sheet (Form JS-44) filed with the complaint, Teva marked "no" in the "jury demand" field.[2] (Defs.' Mem. Law Supp. Mot. Strike Pl.'s Jury Demand ("Defs.' Mem.") Ex. A.)

In a conference information report, dated January 26, 2009 and submitted to the court before an initial pretrial conference, Teva placed an "X" in the "non-jury" field. (Defs.' Mem. Ex. B.) Also on January 26, 2009, AZLP and IPR each filed answers, individually, to Teva's complaint. Each defendant's answer included two counterclaims that are substantively identical to the counterclaims raised in the other defendant's answer. One counterclaim seeks a declaratory judgment of noninfringement of the '502 Patent. The other counterclaim seeks a declaratory judgment of invalidity of the '502 Patent.

On January 29, 2009, the court held a pretrial conference, at which, defendants allege, "Teva's counsel orally confirmed" that this was a nonjury case. Defs.' Mem. at 5-6. In contrast, plaintiff contends that it "only confirmed that Teva had not made a jury demand in the case at that time." (Pl.'s Opp'n Defs.' Mot. Strike Pl.'s Jury Demand at 6.) No transcript or recording of this pretrial conference exists.

On February 20, 2009, plaintiff filed (and electronically served defendants with) answers to the counterclaims that defendants raised in their answers. On March 6, 2009, Teva filed (and electronically served defendants with) a demand for a jury trial on all triable issues.

**II.     Discussion**

Rules 38 and 39 of the Federal Rules of Civil Procedure control whether, in light of the

---

[2] In the jury demand portion of the civil cover sheet, the form instructs filers to "CHECK YES only if demanded in complaint." Form JS-44 (Rev. 11/04).

Seventh Amendment's jury right preservation, an issue is tried before a jury or a court. Rule 38 provides, in relevant part:

> (a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate.
> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
> > (1) serving the other parties with a written demand--which may be included in a pleading--no later than 10 days after the last pleading directed to the issue is served; and
> > (2) filing the demand in accordance with Rule 5(d).
> . . . .
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38(a)-(b), (d).

> Rule 39 provides, in relevant part:
>
> (a) When a Demand Is Made. When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:
> > (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
> > (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.
> (b) When No Demand Is Made. Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded.

Fed. R. Civ. P. 39(a)-(b).

As a threshold matter, then, a party demanding a jury trial must do so in a timely manner. Even a timely demand, however, may be ineffective if a party has waived its jury right. *See Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (explaining that "as with other constitutional rights, the Supreme Court has long recognized that a private litigant may waive the right to a jury trial in a civil case"). "To be valid, a jury waiver must be made

3

knowingly and voluntarily based on the facts of the case." *Id.* The requirement that a waiver be knowing and voluntary, however, does not mean that a waiver can only be effected through an affirmative, intentional act of waiver. "Unlike other constitutional rights . . . an intentional relinquishment of the right is not required for waiver; the right to a jury trial can be waived by inaction or acquiescence." *In re City of Philadelphia Litig.*, 158 F.3d 723, 726 (3d Cir. 1998). For example, the Third Circuit has "joined the majority of [its] sister courts in advocating waiver by acquiescence by adopting the well established rule that a party's participation in a bench trial without objection waives any Seventh Amendment right to a jury trial that the party may have had." *Id.* at 727 (citing *Cooper v. Loper*, 923 F.2d 1045, 1049 (3d Cir. 1991)). Also,

> where a party has made a general demand for a jury trial and the court subsequently determines that a certain issue will be determined non-jury, it is incumbent upon that party to timely lodge a specific objection in order to preserve any Seventh Amendment jury trial right he may have with respect to that issue.

*Id.* Still, "[b]ecause the 'right of jury trial is fundamental, courts indulge every reasonable presumption against waiver.'" *Tracinda*, 502 F.3d at 222 (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)).

Defendants do not argue that plaintiff's demand was untimely.[3] Rather, defendants argue

---

[3] Indeed, the court notes the timeliness of plaintiff's demand. Under Rule 38(b)(1), a party demanding a jury trial must serve the demand on the other parties "no later than 10 days after *the last pleading directed to the issue* is served." (emphasis added). Plaintiff raised one count in its complaint: infringement. Defendants' answers each raised two counterclaims seeking declaratory judgements on two issues: noninfringement and invalidity. Plaintiff electronically served defendants with its answers to their counterclaims—the last pleadings on the issues of infringement and validity—on February 20, 2009 and electronically served defendants with its jury demand on March 6, 2009. The jury demand was, therefore, timely. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2320 pp. 239-41 (3d ed. 2008) ("A demand for jury trial served not later than ten days after service of the reply clearly is timely with regard to the issues raised by the counterclaim and the reply. If the counterclaim raises the same issues as does the answer, then a demand made within ten days after

that plaintiff waived its jury right through conduct preceding its demand.[4]  Defendants argue that Teva waived its jury right because (1) its attorney signed the conference information report, dated January 26, 2009, on which Teva marked the case as "non-jury" and (2) "Teva's counsel orally confirmed the same" at the January 29, 2009 preliminary pretrial conference.  (Defs.' Mem. at 5-6.)  As mentioned, plaintiff characterizes the oral statement differently, arguing that its counsel "only confirmed that Teva had not made a jury demand in the case at that time."  (Pl.'s Opp'n Defs.' Mot. Strike Pl.'s Jury Demand at 6.)  I have no specific recollection of the content of this disputed statement, and defendants do not purport to possess an exact quotation of what Teva's counsel said.  Neither my notes from the conference nor the contemporaneous memorandum which I prepared summarizing the contents of the conference contains any reference, pro or con, to the jury trial issue so that any comment about it was minimal and certainly not a formal agreement or waiver.  Most significantly, the agreed scheduling order prepared by the parties subsequent to the preliminary pretrial conference, and approved by the court, contains no

---

the reply to the counterclaim is effective as to those issues.  However, if the counterclaim and reply raise new issues that were not contained in the complaint and answer, a demand served more than ten days after the answer, but within ten days after the reply, is effective only for the issues raised in the counterclaim and reply and not those in the complaint and answer."); *see also id.* n.9-10.

       Pursuant to Federal Rule of Civil Procedure 6(a)(2), when computing time periods "less than 11 days," courts are to "[e]xclude intermediate Saturdays, Sundays, and legal holidays."  Moreover, under Rule 6(d) and Local Rule 5.1.2(8)(e), "3 days are added" to the period computed under Rule 6(a) when service is made by electronic means.  Under Rule 6(a), plaintiff's jury demand was timely even without those additional three-days.

      [4] Preliminarily, although not framed as an argument for waiver, defendants observe that "Teva did not make a jury demand in its complaint, and the cover sheet to the complaint affirmatively indicates that there is no jury demand."  Defs.' Mem. at 2.  These observations, of course, do not control the court's deliberations because Rule 38 expressly allows a party—here, the plaintiff—to demand a jury trial after the commencement of an action.  Defendants do not contend otherwise.

5

reference to the jury trial issue. Even if Teva's counsel uttered the statement in a manner consistent with defendants' characterization—without "equivocat[ion], hedg[ing], reserv[ation of] rights, condition[ing] the response, or stat[ing] anything manifesting an intent to decide the jury issue later," (Defs.' Reply at 2)—I would not consider such statement a waiver. Moreover, although defendants characterize the conference information report as "a significant manifestation of intent" by plaintiff to waive its jury right, (*id.*), the court cannot agree.

   Defendants correctly assert that a party may waive its right to a jury trial prior to the expiration of the time during which Rule 38 permits that party to make a jury demand. (Defs.' Mem. at 3.) In this case, however, plaintiff did not waive its jury right. Both at the time plaintiff submitted the conference information report and at the pretrial conference, this was still a nonjury case. Plaintiff's representations were, therefore, truthful, and the court sees no evidence of deception on the part of plaintiff. Plaintiff submitted the conference information report on the same day that defendants answered the complaint. It may be that plaintiffs submitted the report before ever seeing defendants' answers. Because Rule 38 expressly permits a party to demand a jury trial up to 10 days after service of the last pleading on an issue, it enables a party to consider the issues, as framed by the pleadings, when deciding whether to demand a jury trial. Especially given the presumption against waiver, the court will not prematurely truncate plaintiff's protected right to demand a jury based on plaintiff's submission of a truthful conference information report. Considering the timing and administrative nature of the report, the court cannot reasonably construe it as a waiver.

   Similarly, plaintiff's truthful participation in the pretrial conference did not effect a waiver of its jury right. To enforce the (disputed) pretrial conference statement and the

conference information report as a jury waiver would frustrate a constitutional right and run directly contrary to Rule 38. If the court were to adopt defendants' position, parties would be forced to decide whether to seek a jury trial before submitting conference reports to a court or before participating in pretrial conferences.[5] Such a requirement would discourage initial pretrial communication between the parties and would disserve the jury right enshrined in the Constitution. Moreover, such an outcome would simply run afoul of Rules 38 and 39.

Although, as mentioned above, a party may waive its jury right through inaction not expressly provided for in Rules 38 and 39, the court notes that "the parties or their attorneys [did *not*] file a stipulation to a nonjury trial or so stipulate on the record." Fed. R. Civ. P. 39(a)(1). On this record, the court finds that Teva did not waive its jury right by filing the conference information report or participating in the pretrial conference. Unlike many of the cases defendants cited in their brief in support of their motion, this case does not involve circumstances that can reasonably be construed as a waiver. For example, unlike the plaintiff in *White v. McGinnis*, 903 F.2d 699 (9th Cir. 1990), Teva did not participate in a bench trial—only to seek reversal and a jury trial upon an unfavorable trial result. Additionally, unlike the plaintiff in *Fields Eng'g & Equip., Inc. v. Cargill, Inc.*, 651 F.2d 589 (8th Cir. 1981), this case does not feature an oral agreement to a nonjury trial followed by an unobjected-to final pretrial order reciting the jury waiver. The other cases on which defendants rely are, likewise, not on point. Accordingly, the court must honor plaintiff's demand for a jury trial, the timeliness of which

---

[5] Defendants suggest that, if plaintiff wished to reserve its jury right, plaintiff should have used conditional language in the conference information report and at the preliminary pretrial conference. Rules 38 and 39 do not require such language. To require such language would frustrate the jury right and add undue intricacy to the jury demand procedure, potentially leading to unknowing or involuntary waivers.

defendants do not dispute. The court will, therefore, deny defendants' motion to strike plaintiff's jury demand.