IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEVA PHARMACEUTICAL INDUSTRIES LTD., | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    CIVIL ACTION NO. 08-4786 <br> : |
| ASTRAZENECA PHARMACEUTICALS LP and IPR PHARMACEUTICALS, INC., | : <br> : <br> : |
| Defendants. | : <br> : |

**MEMORANDUM**

YOHN, J.                                                                                                                                                                            July 26, 2012

      Currently before me is a motion for attorney fees filed by AstraZeneca Pharmaceuticals LP and IPR Pharmaceuticals, Inc. (collectively, "AstraZeneca"), the prevailing party in this action. For the reasons set forth below, I will deny the motion.

      Teva Pharmaceutical Industries Ltd. ("Teva") filed this patent action against AstraZeneca, alleging that AstraZeneca's CRESTOR® prescription-drug formulation infringed one or more claims of Teva's U.S. Patent No. RE39,502 ("the '502 patent"). As relevant here, Teva's patent discloses statin formulations stabilized exclusively by an amido-group containing polymeric compound. AstraZeneca's CRESTOR® drug, a stabilized statin (rosuvastatin calcium) formulation, was designed with tribasic calcium phosphate, which is not an amido-group containing polymeric compound, as a stabilizer. But the drug also contains crospovidone, which is an amido-group containing polymeric compound. Teva thus alleged that AstraZeneca's CRESTOR® drug formulation infringed its '502 patent.

AstraZeneca moved for summary judgment of patent invalidity under 35 U.S.C. § 102(g)(2). For the limited purpose of its summary-judgment motion, AstraZeneca conceded that its CRESTOR® formulation infringed Teva's patent. But it argued that Teva's asserted patent claims were invalid because it had conceived of and reduced to practice its drug formulation before Teva conceived of the subject matter of the '502 patent. Teva opposed the motion, arguing that AstraZeneca had not demonstrated prior invention because it was undisputed that AstraZeneca included crospovidone in its formulation as a disintegrant and did not understand crospovidone to have a stabilizing effect, even though it did appreciate that the formulation was stable. Concluding that AstraZeneca's appreciation of the stabilizing effect of crospovidone—as opposed to its appreciation of the stabilization of its overall pharmaceutical composition containing crospovidone—was not required, I granted AstraZeneca's motion for summary judgment and held Teva's asserted claims invalid under 35 U.S.C. § 102(g)(2) because of AstraZeneca's prior invention.

As the prevailing party, AstraZeneca timely filed a motion for attorney fees under 35 U.S.C. § 285. But because Teva had filed an appeal with the Federal Circuit, I denied AstraZeneca's motion for attorney fees without prejudice to its right to renew the motion after the appeal was resolved. The Federal Circuit having affirmed my grant of summary judgment in favor of AstraZeneca, *see Teva Pharm. Indus. Ltd. v. AstraZeneca Pharm. LP*, 661 F.3d 1378 (Fed. Cir. 2011), AstraZeneca has now renewed its motion for attorney fees. AstraZeneca, however, has not met its burden to show by clear and convincing evidence that this case is "exceptional," and I will thus deny AstraZeneca's motion.

The Patent Act grants a court discretion to award reasonable attorney fees to a prevailing party if the court determines that the case is "exceptional." *See* 35 U.S.C. § 285. "The party

2

seeking attorney fees under § 285 must establish, by clear and convincing evidence, that the case is exceptional." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1314 (Fed. Cir. 2010).

A finding that a case is exceptional, and a grant of attorney fees to the prevailing party, is generally permissible only "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Federal Rule of Civil Procedure] 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

Absent litigation misconduct or misconduct in securing the patent, a court may award attorney fees under § 285 only if both (1) the litigation was brought in "subjective bad faith" and (2) the litigation is "objectively baseless." *Id.* "Under this exacting standard, the plaintiff's case must have no objective foundation, and the plaintiff must actually know this." *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011).

"'[O]bjective baselessness' depends not on the state of mind of the party against whom fees are sought but instead on an objective assessment of the merits of the challenged claims and defenses." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 544 (Fed. Cir. 2011) (internal quotation marks and citations omitted). "Unless an argument or claim asserted in the course of litigation is so unreasonable that no reasonable litigant could believe it would succeed, it cannot be deemed objectively baseless for purposes of awarding attorney fees under section 285." *Id.* (internal quotation marks omitted).

Here, AstraZeneca contends that an award of attorney fees is appropriate because "Teva brought this case primarily for purposes of harassment, maintained [an] untenable position in the

face of overwhelming evidence that AstraZeneca had invented first, and engaged in litigation misconduct by delaying resolution of this dispute." (AstraZeneca's Mem. of Law in Supp. of Mot. for Finding of Exceptional Case and Award of Att'y Fees at 10.)

AstraZeneca contends that when Teva filed this suit, it knew, or should have known, that priority of invention was a "critical issue." (*Id.* at 12.) AstraZeneca speculates that, given the fact that the priority date for its patent (January 26, 2000) pre-dated by more than two months the earliest filing date for Teva's '502 patent (April 10, 2000), and given Teva's knowledge of the many months needed to arrive at a drug formulation, Teva should have reasoned that AstraZeneca had conceived of and reduced its invention to practice before Teva.[1] Nonetheless, AstraZeneca asserts, Teva "ignored these facts" and "strove mightily to delay as long as possible its day of reckoning." (*Id.*) AstraZeneca acknowledges that Teva did not have documentary evidence supporting AstraZeneca's prior-invention claim until June 12, 2009, approximately eight months after Teva filed suit on October 6, 2008.[2] But AstraZeneca contends that Teva's

---

[1] AstraZeneca has a patent covering its CRESTOR® drug formulation, the priority date for which was January 26, 2000. Teva identified December 1, 1999, as its "invention" date (i.e., the date by which it had conceived of and reduced to practice the subject matter of its '502 patent), but Teva did not file its patent application until April 10, 2000, approximately four months later. AstraZeneca contends that Teva should have reasoned that AstraZeneca would have taken a similar amount of time to file its patent application after conceiving of and reducing to practice its invention. Given that AstraZeneca had filed its patent application more than two months before Teva filed its application, AstraZeneca thus contends that Teva should have reasoned that AstraZeneca was the prior inventor. (Although AstraZeneca's priority date is set forth on the first page of the patent, and thus was known to Teva, AstraZeneca's invention date was not publicly available, had not been included in AstraZeneca's patent application, and was not otherwise known to Teva when it filed suit.)

[2] During discovery, AstraZeneca produced documentary evidence establishing that its invention date was May 1999 or earlier, and there was no genuine factual issue that AstraZeneca made the accused drug formulation before Teva alleged it conceived of and reduced to practice the subject matter of the asserted claims on December 1, 1999.

4

refusal to voluntarily dismiss the case when it did learn that AstraZeneca had conceived of and reduced to practice its drug formulation several months before Teva conceived of its claimed invention, "establish[es] that Teva filed suit and maintained its untenable position in subjective bad faith and in an objectively baseless manner." (*Id.* at 14.)

But, notwithstanding that it became clear to Teva that AstraZeneca arrived at its drug formulation before Teva first conceived of the subject matter of its '502 patent and Teva knew this by June of 2009, there was still no dispute that AstraZeneca did not appreciate that crospovidone acted as a stabilizer in its drug formulation before Teva conceived of its claimed invention. And Teva argued that such appreciation was necessary in order for AstraZeneca to show prior invention under 35 U.S.C. § 102(g)(2). Although I and the Federal Circuit ultimately concluded that such particularized appreciation was not necessary and that it was sufficient that AstraZeneca appreciated that its formulation was stable, I cannot conclude that Teva's argument was frivolous or objectively baseless. This was clearly a legitimate legal issue brought in good faith. Nor is there clear and convincing evidence that Teva made this argument in bad faith.[3]

AstraZeneca also contends that Teva engaged in litigation misconduct. Specifically, AstraZeneca contends that Teva "engaged in dilatory conduct throughout the course of this litigation" (*Id.* at 15), including delaying, during discovery, the production of documents relating

---

[3] Apparently suggesting that Teva's appreciation argument was made in bad faith, AstraZeneca asserts that Teva did not raise the appreciation issue until after AstraZeneca had filed its motion for summary judgment, notwithstanding that AstraZeneca had previously raised the prior-invention issue, including at the parties' preliminary conference. But this is not clear and convincing evidence of subjective bad faith. Moreover, even if it did justify a finding of subjective bad faith, because, as I discuss below, I find no clear and convincing evidence of litigation misconduct, AstraZeneca must demonstrate not only that the litigation was brought in bad faith but also that it was objectively baseless. And this evidence does not affect my conclusion that Teva's argument was not objectively baseless.

to AstraZeneca's prior-invention defense. But there is no clear and convincing evidence that Teva unreasonably delayed this action. Delays in the proceedings, caused on occasion by both sides, were minimal in nature. And I note that at no point during the proceedings did AstraZeneca file a motion to compel or a motion for sanctions or otherwise seek my intervention to remedy Teva's alleged discovery abuses.

    Because AstraZeneca has failed to meet its burden to show by clear and convincing evidence that this case is "exceptional" under 35 U.S.C. § 285, I will deny AstraZeneca's motion for attorney fees. An appropriate order accompanies this memorandum.